UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VISTA COMMUNICATIONS GROUP
LLC D/B/A VISTA ADVERTISING
GROUP, LLC,

        Plaintiff,                          Civil Action 2:16-cv-01037
      v.                                Magistrate Judge Elizabeth P. Deavers

HIGHLINE CAPITAL CORP.,

        Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Transfer Venue to the United States District Court for the Middle District of Florida (Orlando Division), (ECF No. 11.), Plaintiff's Memorandum in Opposition (ECF No. 19), and Defendant's Reply in Support. (ECF No. 22.) For the reasons that follow, Defendant's Motion to Transfer is **GRANTED**. As a result, Plaintiff's Motion to Remand to State Court (ECF No. 20) and Defendant's Motion to Dismiss (ECF No. 24) are **DENIED** as moot.

### I.    BACKGROUND

This current dispute began on June 15, 2007, when the Court of Common Pleas, Franklin County, Ohio entered an Order Granting in favor of Plaintiff, Highline Capital Corp. ("Highline"), its Motion for Default Judgment against Andrew Robert Williams ("Williams") for the aggregate amount of $1,167,180.60 plus interest, attorneys' fees, and costs. (Defendant's Motion to Transfer Venue ("Def.'s Mot. to Transfer") at 4, ECF No. 11.) Williams is a resident of Brevard County, Florida, located within the jurisdiction of the Middle District of Florida.

(Order Scheduling Foreclosure Sale of Limited Liability Company Membership Interest, ECF No. 24-1 PAGEID #: 297.) In March 2007, Vista was organized under Ohio law as an Ohio limited liability company. (Plaintiff's Motion in Opposition to Defendant's Motion for Transfer of Venue ("Pl.'s Opp.") at 3 ¶ 6, ECF No. 19.) Florida's Eighteenth Judicial Circuit found that Williams was Vista's only member. (ECF No. 1-3 ¶ 9.) Highline then filed a judgment lien against Williams in the Franklin County Court of Common Pleas. (Pl.'s Opp. at 4 ¶ 10.) In December of 2015, Highline issued a garnishment to Chase Bank of the account(s) of Williams. (*Id.* at 4 ¶ 11.) As a result, funds in which Vista asserted an interest were attached. (*Id.* at 4 ¶ 12.) Vista then filed a motion to intervene. (*Id.* at 4 ¶ 13.) After Highline and Vista mediated a solution, Highline transferred the Ohio judgment against Williams to Florida, where Vista owns the house in which Williams lives. Upon the transfer, Highline filed an action in Florida seeking a charging order under Section 605.0503 of the Florida Revised Code to foreclose on Williams' membership interest in and to Vista.

Between May and September 2016, the Florida Court rendered a series of decisions charging Williams' membership interest and ultimately selling the membership interest at a foreclosure sale, pursuant to Florida law. (Def's Mot. to Transfer at 3.) On July 26, 2016, the Florida State Court entered an order scheduling a foreclosure sale for September 14, 2016. (*Id.* at 5.) Williams unsuccessfully contested the July 26 order and then attempted to protect his interest in Vista by conveying his membership interest to his fiancée. (*Id.*) The Florida Court deemed Williams' transfer invalid. (*Id.*) Williams filed a notice of appeal to Florida's Fifth District Court of Appeals, which was dismissed on October 5, 2016. (*Id.* at 6.)

In September 2016, Highline purchased the entire membership interest in Vista, and the Florida State Court issued a Certificate of Title. (*Id.* at 3) Highline looks to § 605.0503(5)(a)

and asserts that according to Florida law, the Certificate of Title conveyed to Highline "the member's entire limited liability company interest, not merely the rights of the transferee." (*Id.* at 7.) Moreover, according to Highline, the amended articles of organizations on file with the Ohio Secretary of State shows that Highline is the sole member of Vista. (*Id.*) Further, Highline contends that the Florida State Court action remains pending. (*Id.*)

Vista filed a complaint against Highline in the Common Pleas Court of Franklin County, Ohio seeking declaratory judgment against Highline "as to Highline's Remedy." (Pl.'s Opp. at 2.) Highline has since removed the matter to this Court. (*Id.*) On November 3, 2016, Highline filed the Motion to Transfer Venue to the Middle District of Florida.

Highline contends that the "central question is who controls the membership interest of Vista," (Def.'s Mot. to Transfer at 3.), and as a result, the Court should transfer this case pursuant to 28 U.S.C. §1404, to the Middle District of Florida. Highline cites several reasons in support of the Motion including the location of events relevant to Plaintiff's Complaint; in the interest of justice; and for the convenience of the parties as Williams, his fiancée, and Williams' attorneys all live in the Middle District of Florida. Vista, and perhaps more specifically, Williams disagree, asserting that this litigation relates "solely to and seeks a determination of the rights of Vista." (Pl.'s Opp. at 1.) Moreover, Vista contends that "[t]he only relationship to Florida is that Williams is now a resident of the State of Florida and that Highline (improperly) seeks to apply the Florida LLC Law to an Ohio limited liability company in order to exercise dominion and control over Vista's ownership, management, operations and its assets." (*Id.* at 6)

## II.   APPLICABLE LAW

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

3

where it might have been brought." The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). If a case could be brought in the court "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* In balancing convenience, the Court must consider a number of factors such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Relevant factors to consider include: the practical problem of trying the case most expeditiously and inexpensively; the interests of the justice; the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the enforceability of the judgment; and the local interest in deciding local controversies at home. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Slate Rock Constr., Co. v. Admiral Ins. Co.*, No. 2:10-CV-1031, 2011 U.S. Dist. LEXIS 97122, at *22 (S.D. Ohio Aug. 30, 2011) (quoting *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-80 (3d Cir. 1995)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). Transfer pursuant to § 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

"Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Levy v. Cain, Watters & Assocs.*, P.L.L.C., No. 2:09-cv-723, 2010 U.S. Dist. LEXIS 9537, at *24 (S.D. Ohio Jan. 15, 2010); *Reese*, 574 F.3d at 320 ("[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."). Section 1404(a) promotes "an individualized case by case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted).

## III. ANALYSIS

Neither party disputes that this case could have been brought in the Middle District of Florida. Moreover Highline does not suggest that venue in this Court is improper. Rather, the parties have set forth a variety of competing interests and concerns regarding the potential transfer of this case. As discussed below, the Court finds that Defendant has satisfied its burden of showing that the Middle District of Florida is the more appropriate forum.

Although Vista has chosen to bring suit in the Southern District of Ohio, a plaintiff's preference is not dispositive. *Commerzbank AG v. U.S. Bank N.A.*, No. 1:15-cv-818, 2016 U.S. Dist. LEXIS 77157, at *6 (S.D. Ohio June 14, 2016) (granting motion to transfer venue). Highline does not suggest that venue in this Court is improper. Instead, it argues that this Court is not the most convenient forum for resolution of this matter. The Court agrees. *See Kay*, 494 F. Supp. 2d at 849 ("[e]ven in cases where venue is proper, a court may entertain a motion to transfer if there exists a better forum for the resolution of the dispute between the parties.") (quoting *SKY Tech. Partners v. Midwest Research Inst.*, 125 F.Supp.2d 286, 290–91 (S.D. Ohio 2000)). As Williams is a Florida resident and resides in the Middle District of Florida along with

his fiancée (one of the only potential witnesses), and his personal counsel, transferring venue to the Middle District of Florida will not inconvenience Williams. Moreover, Highline's primary counsel also resides in Florida.

Highline argues that the procedural posture of this action and the related Florida proceeding evidence that the dispute will be tried more expeditiously and inexpensively in Florida. Vista on the other hand, does not specifically argue against the § 1404 factors, but instead contends that the Florida court erred in two ways: by not applying the internal affairs doctrine and by applying the Florida Charging Provision to the aforementioned proceeding. (*Id.* at 9.) Further, Vista acknowledges that this matter, the underlying Declaratory Judgment action, "was necessitated by Highline and its Florida counsel knowingly filing pleadings in Florida (and now in Ohio) that improperly assert that the Florida LLC law is applicable to an Ohio limited liability company." (*Id.*) Vista's point illustrates what Highline continuously points out in the Motion to Transfer Venue—that this matter is a dispute about the Florida court's decisions and therefore should be transferred to Florida.

In the interests of trying the case most expeditiously and inexpensively and, additionally, when considering the enforceability of the judgment, the parties' dispute favors being resolved in the Middle District of Florida. As both parties acknowledge, this current dispute hinges on decisions rendered by the Florida state court. As a result, it follows that the case should ultimately be resolved in Florida. Highline requests that this Court transfer venue to the Middle District of Florida emphasizing that Williams, his fiancée, Williams' primary attorney, and Highline's attorney all reside there. This Court agrees with Highline and finds that Highline has satisfied its burden in showing that there is a need to transfer this case to the Middle District of Florida.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Transfer Venue to the Middle District of Florida is hereby **GRANTED**. The Clerk is **DIRECTED** to transfer this case to the Middle District of Florida. Plaintiff's Motion to Remand to State Court and Defendant's Motion to Dismiss are **DENIED** as moot.

**IT IS SO ORDERED.**

Date: April 24, 2017                    /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE